IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL H. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-773-SLR |
| | ) |
| DELAWARE STATE DEPARTMENT | ) |
| CORRECTION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this \_\_ day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, and that plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background.** Plaintiff Emanuel H. Jones, a detainee at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) An amended complaint was filed on February 6, 2007. (D.I. 7) He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff has also filed a motion to appoint counsel. (D.I. 8)

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff alleges that as a detainee at HRYCI, he has been subjected to a variety of constitutional violations which include the following: sleeping on a mattress on the floor, extremely cold temperatures, standing up to eat meals, lack of recreation, delay, denial and inadequate medical treatment, fire hazards, flooding, dirty food trays, insect, rat and mice infestation, unsanitary showers, wet and dangerous floors, exposure to methicillin-resistant staphylococcus aureus or MRSA infection, food containing a foreign object, failing to receive special diets, excessive force, and failing to protect him from harm.

5. **Eleventh Amendment Immunity.** The Delaware Department of Correction,

an agency of the State of Delaware, is the only named defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the Department of Correction is entitled to immunity under the Eleventh Amendment. Plaintiff's claims against the Department of Correction have no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, it is frivolous and is dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B) and 1915A(b)

6. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff makes many serious allegations. He is given leave to amend the complaint to name appropriate defendants. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed. Plaintiff's motion to appoint counsel (D.I. 8) is denied without prejudice with leave to refile should the case proceed to service.

_____
UNITED STATES DISTRICT JUDGE