IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL H. JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-773-SLR |
| | ) |
| WARDEN RAPHAEL WILLIAMS, | ) |
| MAJOR DAVE WILLIAMS, | ) |
| LT. SHYERS, LT. WILLIAMS, | ) |
| SGT. WILLIAMS, OFFICER BAKER, | ) |
| OFFICER GALLI, and OFFICER | ) |
| SHARMA, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of June, 2007, having screened the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint and its amendments are dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, and that plaintiff is given a final opportunity to file an amended complaint, for the reasons that follow:

1. **Background.** Plaintiff Emanuel H. Jones, a detainee at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and an amended complaint was filed on February 6, 2007. (D.I. 2, 7) The original complaint and its amendment were dismissed as frivolous following screening by the court and plaintiff was given leave to amend. (D.I. 11) The amendment was timely filed on May 1, 2007. (D.I. 12) Plaintiff also filed a renewed motion to appoint counsel. (D.I. 13)

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion.** Plaintiff's allegations are identical to those raised in his initial complaint and amendment. The recent amendment contains no new allegations and merely states, "the names of appropriate defendants in this civil action" following by a list of names. (D.I. 12) As originally pled, plaintiff alleged that, as a detainee at HRYCI, he has been subjected to a variety of constitutional violations which include the following: sleeping on a mattress on the floor; extremely cold temperatures; standing up to eat meals; lack of recreation; inadequate medical treatment; fire hazards; flooding; dirty food trays; insect, rat and mice infestation; unsanitary showers; wet and dangerous floors; exposure to methicillin-resistant staphylococcus aureus or MRSA infection; food containing a foreign object; failing to receive special diets; excessive force; and failing to protect him from harm.

5. **Personal Involvement.** "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

1988). Plaintiff names as "appropriate defendants" Warden Raphael Williams, Major Dave Williams, Lts. Shyers and Williams, Sgt. Williams, and Officers Baker, Galli and Sharma. The recently filed amendment, however, contains no allegations against these defendants, and plaintiff provides no facts to support a claim against them. As a result, the claims lack an arguable basis in law or in fact and the complaint and its amendments are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

6. **Conclusion.** Based upon the foregoing analysis, the complaint and its amendments are dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff is given a final opportunity to amend. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed. Plaintiff's motion to appoint counsel (D.I. 13) is denied without prejudice with leave to refile should the case proceed to service.

_____
UNITED STATES DISTRICT JUDGE